IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


SAMUEL PEARMAN, #77376                                              PETITIONER

v.                                                          No. 2:04CV333-D-B

THOMAS G. TAYLOR, ET AL.                                          RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the November 22, 2004, *pro se* petition of Samuel Pearman for a writ of *habeas corpus* under 28 U.S.C. § 2254. The instant petition challenges the revocation of the petitioner's supervised release. The state moved to dismiss the petition for failure to exhaust state remedies February 28, 2005. The petitioner responded to the state's motion March 14, 2005, and July 1, 2005. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

## Facts and Procedural Posture

The petitioner pled guilty to the charge of grand larceny in the Circuit Court of Desoto County, Mississippi. The trial court accepted the petitioner's guilty plea April 16, 2003, and sentenced him to serve thirty-three days in the custody of the Mississippi Department of Corrections. The court further ordered that upon the petitioner's release from the term of incarceration, he would remain under the supervision of the Mississippi Department of Corrections for a period of four years. On February 27, 2004, the petitioner's post-release supervision was revoked, and he was ordered to serve a term of four years in the custody of the

1

Mississippi Department of Corrections.

## Discussion

The petitioner argues in the instant petition that his probation was revoked unlawfully. He claims he was denied equal protection of the law because "[t]he crime for which my Post Release Supervision was Violated was never proven in a Court of Law. . . ." The petitioner further alleges that he was denied due process because his probation officer was not present at petitioner's revocation hearing, and a "Rule Violation Report" was not submitted by the Mississippi Department of Corrections as evidence in the revocation hearing. The petitioner has not, however, exhausted state court remedies regarding this claim.

The petitioner may proceed under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et seq.* Section 99-39-5(1)(g) provides for relief based upon a claim "[t]hat [the prisoner's] sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]" The petitioner attempted to file a petition for post-conviction relief January 31, 2005. That petition, however, was not submitted with the proper paperwork and thus could not be filed as a proper pleading. The circuit clerk's office forwarded the petitioner a "Post-Conviction Relief" packet containing the necessary paperwork on February 4, 2005, and directed the petitioner to complete and return the packet. The petitioner, however, has yet to return the post-conviction packet.

The petitioner must file a proper petition for post-conviction relief with the Desoto County Circuit Court and prosecute the petition through that court – and then through the Mississippi Supreme Court – in order to exhaust state remedies. The petitioner has not done so. As such, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust

state remedies. 28 U.S.C. §2254(b)(1) and (c), *supra*. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of July, 2005.

    /s/ Glen H. Davidson
CHIEF JUDGE